[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 125) MOTION TO STRIKE (NO. 127) OBJECTION TO MOTION (NO. 129)
The plaintiff, Rose Picarazzi, filed a four count second revised complaint, which is dated October 12, 1994, against the defendants, Anthony Fichera and John Thomas. The plaintiff complains of dental and periodontal injuries. Count one alleges that Fichera, a dentist, committed medical malpractice against Picarazzi. Count two alleges that Fichera breached a contract to render dental services to Picarazzi. Counts three and four are directed at Thomas, a periodontist and dentist. Count three alleges that Thomas committed medical malpractice against CT Page 12564 Picarazzi. Count four alleges that Thomas breached a contract to render periodontal services to Picarazzi. In the breach of contract claims, counts two and four, the factual allegations that explain how the defendants breach the contract are virtually identical to the factual allegations that explain how the defendants acted negligently in counts one and three.
On October 18, 1994, Thomas filed a motion to strike the fourth count of the second revised complaint, which is the breach of contract claim that is directed at him, on the ground that Connecticut does not recognize a patient's cause of action against a dentist for breach of contract based upon medical negligence. Thomas also filed a memorandum of law in support of his motion to strike.
On October 19, 1994, Fichera filed a motion to strike the second count of the second revised complaint, which is the breach of contract claim that is directed at him on the ground that the plaintiff has failed to allege a claim that would entitle her to recovery. Fichera did not file a memorandum of law.[1]
On November 2, 1994, Picarazzi filed an objection to both Fichera's and Thomas's motions to strike and a memorandum of law in opposition to the motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992). "The allegations of the pleading are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail."Mingachos v. CBS, Inc., 196 Conn. 91, 108-09, 491 A.2d 368
(1985).
In his memorandum of law, Thomas argues that the fourth count, which is for breach of contract, is merely a reiteration of the allegations in the third count for medical malpractice. Thomas cites Barnes v. Schlein, 192 Conn. 732, 473 A.2d 1221
CT Page 12565 (1984), Donnelly v. Candlewood Obstetric-Gynecological Assoc.,P.C., 6 Conn. L. Rptr. 532 (1992) (Moraghan, J.) andWillis v. Stamford Hospital, Superior Court, JD of Stamford/Norwalk at Stamford, DN 118550S (1994) (Lewis, J.) to support his argument that the court should strike the fourth count. This argument would apply equally to counts two and one as relates to the defendant Fichera.
The plaintiff Picarazzi argues that the breach of contract claims, counts two and four, should not be stricken. Picarazzi cites White v. Bridgeport Radiology Assoc., P.C.,10 Conn. L. Rptr. 7, 220 (November 29, 1993) (McKeever, J.) to support her argument that the breach of contract claims differ from the negligence claims because the breach of contract claims omit any discussion of the standard of care, which is essential to a negligence claim.
There appears to be two lines of Superior Court decisions regarding the relationship between a medical malpractice claim and a breach of contract claim. "To be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good. . . ." (citations omitted.) White v.Bridgeport Radiology Assoc., P.C., supra, 10 Conn. L. Rptr. No. 7 at 223. "The action in contract is based upon a failure to perform a special agreement." Malone v. Caldwell,6 Conn. L. Rptr. 323, 324 (1992) (Wagner, J.), quoting Camposano v.Claiborn, 2 Conn. Cir. Ct. 135, 137, 196 A.2d 129 (1963). See also Lowery v. Metpath, Superior Court, judicial district of Hartford/New Britain at Hartford, DN 518788 (November 9, 1993) (Hennessey, J.).
However, the other line of cases do not require a special agreement. A breach of contract case is "entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. . . . The two courses of action are dissimilar as to theory, proof and damages recoverable."Camposano v. Claiborn, supra, 2 Conn. Cir. Ct. 137. "[T]he second count of the complaint [for breach of contract] should not be stricken. Two distinct causes of action may arise from one wrong. Hickey v. Slattery, 103 Conn. 716, 719 (1926)."Paggioli v. Manchester Memorial Hospital, 1 Conn. L. Rptr. 729, 729 (1990) (Allen, S.J.). See also Johnson v. KaiserFoundation Health Plan, Superior Court, JD of New CT Page 12566 Haven at New Haven, DN 031241-S (May 18, 1994) (Gray, J.)
This court believes that the former line of cases represent a better reasoned approach. By requiring a special agreement, these cases eliminate those cases where the plaintiff "has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice." Malone v. Caldwell, supra, 6 Conn. L. Rptr. 324-25 (granting a motion to strike a breach of contract claim that repeated the allegations of a medical malpractice claim.
This case more closely resembles Malone v. Caldwell, supra. The gravamen of Picarazzi's complaint is that each defendant breached his contract by performing the dental and periodontal services negligently. It is clear that these counts (two and four) sound only in negligence. See Donnelly v. CandlewoodObstetrics-Gynecological Assoc., P.C., supra,6 Conn. L. Rptr. 532.
Accordingly, the motion to strike count two (#125), on behalf of the defendant Thomas, and the motion to strike count four (#127) on behalf of the defendant Fichera are granted, and the objections thereto are overruled.
MAIOCCO, J.