[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
CT Page 5700
The plaintiff, Alex Tumeniuk, D.M.D., commenced the present action against the defendant, Denis Chastanet, M.D., to recover payment for dental services rendered to the defendant on March 9, 1993.
On October 4, 1994, the defendant filed an amended answer containing a counterclaim in two counts. The first count is a claim sounding in negligence and alleges that the plaintiff negligently performed a dental procedure resulting in injuries and damages to the defendant. The second count sounds in contract and alleges that the plaintiff breached an agreement to provide dental services for the defendant "in a reasonably prudent manner in accordance with the standard of care of a reasonable prudent dentist in the State of Connecticut, in exchange for a consideration to be paid by the defendant."
On October 18, 1994, the plaintiff filed a motion to strike the second count of the counterclaim on the ground that it fails to state a cause of action for breach of contract as Connecticut does not recognize breach of implied contract claims in medical malpractice actions. Both parties have submitted supporting memoranda of law.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Novametrix Medical Systems,Inc. v. BOC Group, Inc. 224 Conn. 210, 215, 618 A.2d 25 (1992).
A motion to strike is properly asserted "whenever any party wishes to contest . . . the legal sufficiency of the allegations of any counterclaim." Bouchard v. People's Bank, 219 Conn. 465, 468, n. 3, 594 A.2d 1 (1991). "[I]t does not admit legal conclusions or the truth or accuracy of opinions stated in the pleading."Westport Bank Trust Co. v. Concoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 682 (1992). In determining the sufficiency of the pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345,348, 576 A.2d 149 (1990). In determining whether a motion to strike should be granted, the question is whether if the facts alleged are taken to be true, the allegations provide a cause of action or a defense. King v. Board of Education, 195 Conn. 90, 93,486 A.2d 111 (1985). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike CT Page 5701 must fail. Rowe v. Godow, 209 Conn. 273, 278, 550 A.2d 1073
(1988).
In the second count of the counterclaim, defendant has failed to allege a specific, expressed undertaking or promise by the plaintiff to achieve a particular result or cure. Defendant merely repeats his negligence allegations of his first count and labels such failures on the part of the plaintiff a breach of contract.
The plaintiff now moves to strike the second count of the counterclaim on the ground that the defendant has failed to state a cause of action for breach of contract. He argues that the second count is merely a reiteration of the medical malpractice allegation in the first count. The plaintiff contends that the defendant fails to allege that an agreement existed whereby the plaintiff contracted to obtain a specific result. He argues that the defendant has merely alleged that the plaintiff's negligent performance of the surgery was also a breach of an implied contract to perform without negligence. The plaintiff maintains that Connecticut does not recognize such a cause of action in a medical malpractice law suit.
There is no unity of agreement among the Superior Court decisions addressing the relationship between medical malpractice claims and breach of contract claims.
A number of courts considering this relationship have said that for a contract claim "[t]o be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good."White v. Bridgeport Radiology Assoc., P.C, 10 Conn. L. Rptr. 7, 220 (November 29, 1993) (McKeever, J.); see also Labieniac v. Nichols,4 CSCR 383, 384 (June 5, 1989) (Aronson, J.). "The two causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement." Malone v.Caldwell, 6 Conn. L. Rptr. 323, 324 (April 20, 1992) (Wagner, J.), quoting Composano v. Claiborn, 2 Conn. Cir. Ct. 135, 137, 196 A.2d 129 (1963); see also Lowry v. Metpath, Superior Court judicial district of Hartford/New Britain at Hartford, Docket No. 518788 (November 9, 1993) (Hennessey, J.).
Other courts have not required a special agreement between a doctor CT Page 5702 and patient. In Johnson v. Kaiser, Superior Court JD of New Haven at New Haven, DN. 031241 (May 18, 1994) (Gray, J.), the court states that "a claim arising out of medical services provided by a physician will withstand a test to its legal sufficiency where the plaintiffs' breach of contract count is redundant of its malpractice count." "Counts which sound in contracts are entirely separate from malpractice, even though they both, . . . may arise out of the same transaction . . ." (Citations omitted, internal quotation marks omitted.) Id.; See also Camposano v. Claiborn, supra; Broadt v. Boiseneau, 3 CSCR 271
(August 31, 1988) (Jackaway, J.). "A breach of contract count should not be stricken where it simply incorporates negligence allegations of a preceding count, . . . because a contract action and a tort action may arise from the same wrong." Johnson v. KaiserFoundation Health Plan, supra; see also Paggioli v. ManchesterMemorial Hospital, 1 Conn. L. Rptr. 729 (June 8, 1990) (Allen, J.);Hickey v. Slattery, 103 Conn. 716, 719 (1926).
In Picarazzi v. Fichera, 13 Conn. L. Rptr. 96 (December 12, 1994) ( Maiocco, J.), Judge Maiocco opined that the line of cases requiring a doctor to have promised a specific result in order for a plaintiff to assert a cause of action for breach of contract, represent the better reasoned approach. He states that "[b]y requiring a special agreement, these cases eliminate those cases where the plaintiff has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice." (Citations omitted, internal quotation marks omitted.)
The defendant in the present case has not alleged that there were any specific agreements between himself and the plaintiff. The defendant has merely alleged that there existed an implied agreement whereby the plaintiff would perform as a reasonably prudent dentist in accordance with the applicable standard of care. Therefore, the defendant has merely alleged that the plaintiff impliedly agreed not to commit malpractice.
It is evident that the requisite proof required on both count 1 and Count 2 of the defendant's counterclaim would be identical, that is, the opinion of an expert that the plaintiff violated that degree of care, skill and diligence in his treatment of the plaintiff that would normally be exercised by a dentist in this country like cases in 1993. Permitting both a malpractice and a contract claim against the plaintiff in this case gains the defendant nothing. The defendant has couched both counts in terms of a violation of the standard of care. As stated previously his CT Page 5703 burden of proof is identical as to both counts, since his breach of contract theory is the plaintiff's failure to furnish treatment in accord with the standard of care. Furthermore, damages in a contract action are limited to those within the contemplation of the parties at the time of the making of the contract, which damages would certainly be no more than and may well be considerably less than the damages available upon prevailing on the malpractice count.
This Court agrees with Judge John Flanagan who in an unpublished opinion in the case of Cheryl Lapis, Admx. v. Steven D. Herman, Superior Court, Judicial District of New Haven, (April 18, 1989) said:
 The allegations of the second count construed in a fashion most favorable to the plaintiff are legally insufficient because it is merely a redundant pleading of plaintiff's malpractice claim in another guise, an attempt to plead as a contract action one which is essentially a malpractice action.
Contract claims arising out of the furnishing of medical services by a physician or other health care provider, should withstand the test of legal sufficiency only where they are based upon an express promise or undertaking to effect a cure or to accomplish some definitive result.
Therefore, the plaintiff's motion to strike the second count of the defendant's counterclaim is granted.
SKOLNICK, J.