[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 30, 1996
In this case the plaintiff has brought suit against a dentist for injury she alleges to have suffered as a result of the treatment he gave to her. The first count alleges malpractice. The second count repeats the factual allegations of the first count but alleges the breach of what is in effect an implied contract in that it claims the plaintiff entered into a doctor patient relationship wherein the defendant contractually undertook" to render services in a proper and skillful manner. The plaintiff then goes on to basically allege contractural breach because the defendant engaged in various departures from the standard of care that are also alleged in the first count.
The defendant relying on the reasoning of Barnes v. Schlein,192 Conn. 732 (1984), and Campasano v. Claiborn,
2 Conn. Cir. 135 (1963), has filed a motion to strike the second count alleging breach of an implied contract. He argues that without CT Page 1077 a special agreement warranting a particular result there is no cause of action for breach of contract in a situation involving what is in effect medical malpractice. I agree with the defendant's position and can't add anything to the following thorough discussions of this issue, Tomenik v. Chastanet,14 Conn. L. Rptr. 186 (1995), Picarazzi v. Fichera,13 Conn. L. RPTR. 96 (1994), Malone v. Caldwell, 6 Conn. L. RPTR. 323
(1992), also see Colvin v. Smith, 276 A.D. 9-10
(N.Y. 1949) cited in Campasano at p. 137.
There is some authority to the contrary but I don't believe it is persuasive. It appears to be based on the general notion set forth in Hickey v. Slattery, 103 Conn. 716 (1926), that two causes of action can arise out of the same wrong. That may be true in a general sense but it is not helpful here. The basis of the contract claim is an implied understanding that the dentist here would use the appropriate standard of care to treat the plaintiff patient. It is not an express contract to achieve a specific result but an implied contract theory or quasi-contract theory. Thus the decisional sources to be turned to for determining if the "contract" theory is viable are the cases which discuss whether there has been malpractice or a violation of the standard of care. Permitting an implied contract action and a malpractice action would merely permit the placing of a different label on what is the same thing or something that must be resolved legally in the same way.
Trying to decide whether this conforms to principles of common law definitions of "causes of action" or whether the same "delict" (a word actually used in Hickey) is involved isn't that helpful. In any event allowing the two separate causes of action wouldn't serve any useful purpose except perhaps to confuse the trier of fact and since an implied contract theory is what is involved liberal recovery theories under that type of action would approach what can be recovered in a malpractice claim or certainly be no more than what would be awarded.
The motion to strike is granted.
Corradino, J. CT Page 1078