[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE OF DEFENDANTSJEFFREY COHEN, M.D., JOHN WELCH, M.D., AND HARTFORD HOSPITAL
The defendants, Jeffrey Cohen, M.D. and John Welch, M.D. have moved to strike the Second, Third, and Fifth Counts of the Revised Complaint of July 2, 1996, and the defendant, Hartford Hospital has moved to strike the Seventh Count of that Complaint on the grounds that those counts are legally insufficient and fail to state a cause of action upon which relief can be granted.
The First, Fourth and Sixth Counts of the Revised Complaint of July 2, 1996 allege a cause of action in medical malpractice against Cohen, Welch, and Hartford Hospital, respectively. The First Count alleges that the plaintiff suffered injuries and damages as the result of various breaches in the standard of care by Dr. Cohen in connection with his performance of colorectal surgery on the plaintiff in March and April, 1993. The Fourth Count alleges that Dr. Welch breached the applicable standards of care in various ways in connection with his admission of the plaintiff to the Hartford Hospital emergency room, apparently while Dr. Cohen was on vacation. The plaintiff alleges that Hartford Hospital breached the applicable standards of care in various ways during the course of the surgeries on the plaintiff in 1993.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989); Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). In deciding a motion to strike the trial court must consider as true the factual allegations, but not the legal conclusions set forth in the complaint. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, CT Page 7199576 A.2d 149 1990); Blancato v. Feldspar Corp. , 203 Conn. 34, 36,522 A.2d 1235 (1987).
The Second Count alleges either false or negligent misrepresentation by Dr. Cohen by omission:
 9. The plaintiff selected Dr. Cohen as treating surgeon based on his presentations of minimal scarring and easy correction of the minimal abdominal scar after the second surgery. Dr. Cohen never mentioned the risk of massive infection, open healing, abdominal wall destruction and extensive resulting scarring, requiring extensive additional surgery.
 10. Dr. Cohen knew or should have known that the representations made to the plaintiff were incomplete and therefore false.
 11. Dr. Cohen made the aforesaid incomplete and false representations to the plaintiff to induce her to act in reliance upon them to her detriment.
 12. The plaintiff justifiably relied on the aforesaid false representations made to her by Dr. Cohen and chose Dr. Cohen for the performance of such an Ileo Anal Pouch Procedure in March.
 13. Based on Dr. Cohen's presentations as aforesaid, the plaintiff accepted as true the mental health diagnosis for her distress and deteriorated health.
The elements of a cause of action for fraud or intentional misrepresentation are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment. Mitchell v. Mitchell, 31 Conn. App. 331,625 A.2d 828 (1993); Billington v. Billington, 220 Conn. 212,217, 595 A.2d 1377 (1991); Maturo v. Gerard, 196 Conn. 584,494 A.2d 1199 (1985); Paiva v. Vanech Heights Construction Co.,159 Conn. 512, 515, 271 A.2d 69 (1970). "[A] promise to do an act in the future when coupled with a present intent not to fulfill it, is a false representation." Flaherty v. Schettino, 136 Conn. 222,226, 70 A.2d 151 (1949). Fraud is not to be presumed but must be proven by clear, precise and unequivocal evidence.Connell v. Connell, 214 Conn. 242, 252, 571 A.2d 116 (1990); PuroCT Page 7200v. Henry, 188 Conn. 301, 308, 449 A.2d 176 (1982); Alaimo v.Royer, 188 Conn. 36, 448 A.2d 107 (1982).
The Connecticut Supreme Court has held that even an innocent misrepresentation of fact "may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." Richard v. A. Waldman Sons, Inc., 155 Conn. 343,346, 232. A.2d 307 (1967); see also J. Frederick Scholes Agencyv. Mitchell, 191 Conn. 353, 359, 464 A.2d 795 (1983); Johnson v.Healy, 176 Conn. 97, 102, 405 A.2d 54 (1978); Warman v. Delaney,148 Conn. 469, 473, 172 A.2d 188 (1961); Boucher v. Valus, 6 Conn. Cir. Ct. 661, 665-66, 298 A.2d 238 (1972).
The alleged misrepresentations by Dr. Cohen were really omissions. The plaintiff claims that Dr. Cohen failed to advise her that she might suffer various complications that she ultimately did suffer. Courts in this state have recognized that misrepresentation may take the form of failure to disclose material facts. See Diamond v. Marcinek, 27 Conn. App. 353, 362,606 A.2d 1001 (1992); Rabinovitz v. Marcus, 100 Conn. 86, 93,123 A. 21 (1923). Was the possibility of suffering complications a "fact" which Dr. Cohen should have disclosed? This might depend on expert opinion as to the probability or lack of probability that such complications would occur. Does a patient change her position in reliance on a doctor's failure to disclose possible complications when she undergoes a necessary operation?
The foregoing questions illustrate the problems in analyzing a misrepresentation claim in the context of a medical malpractice action. It may well be that, as with the contract claims discussed below, the misrepresentation claim is nothing more than a claim for malpractice. However, for the purposes of a Motion to Strike the court must consider the Second Count in a manner most favorable to the plaintiff. That count does appear to allege all the elements required to establish both a claim for intentional and negligent misrepresentation. The Motion to Strike the Second Count is, therefore, denied.
The Third Count of the Complaint alleges in relevant part:
 8. On or about March 1, 1993, the plaintiff Sara Huffmire and the defendant Jeffrey L. Cohen, M.D. entered into a written contract to perform an Ileo Anal Pouch Procedure. The contract stated verbatim that the plaintiff authorized the responsible person to do whatever may be necessary in the CT Page 7201 even any unforeseen conditions occur during the course of treatment and/or special procedure.
 9. The plaintiff understood the contract to mean that in the event of and during Dr. Cohen's absence her care would be performed by "the responsible person," who would do whatever was necessary.
That Count goes on to allege that Dr. Cohen breached the contract by failing to transfer the plaintiff's care to a responsible person to do what was necessary in the plaintiff's care. Similarly, the Fifth Count alleges that Dr. John P. Welch had contracted to do whatever is necessary for the plaintiff's care and breached that contract by allowing "unforeseen conditions of infection and deterioration" to occur.
The Seventh Count alleges that the admission and authorization agreements on Hartford Hospital forms establish an express contract by Hartford Hospital that it would do whatever was necessary in the event any unforseen conditions occurred during the course of the plaintiff's treatment. Hartford Hospital breached this contract by not providing necessary treatment when the unforeseen conditions did in fact occur.
In Barnes v. Schlein, 192 Conn. 732, 473 A.2d 1221 (1984) the Connecticut Supreme Court stated:
 Malpractice is commonly defined as "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services. . . ." Webster, Third New International Dictionary; Black's Law Dictionary (5th Ed. 1979).
192 Conn. at 735. Notwithstanding the complaint's allegation of the breach of a contract to properly perform medical services, the Court refused to apply the contract statute of limitations because it held that the allegation of breach of contract was merely a restatement of the negligence claim.
In Picarazzi v. Fichera, Judicial District of Fairfield at Bridgeport, CV930306212S, 1994 Ct. Sup. 12563, 13 CLR 96 (Dec. 12, 1994, Maiocco, J.) the Superior Court struck counts alleging CT Page 7202 a breach of contract which were merely reiterations of allegations sounding in negligence for medical malpractice. In a helpful review of Superior Court cases on this issue, the Court in Picarazzi stated:
 There appears to be two lines of Superior Court decisions regarding the relationship between a medical malpractice claim and a breach of contract claim. "To be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good. . . ." (citations omitted.) White v. Bridgeport Radiology Assoc., P.C., supra, 10 Conn. L. Rptr. No. 7 at 223. "The action in contract is based upon a failure to perform a special agreement." Malone v. Caldwell, 6 Conn. L. Rptr. 323, 324 (1992) (Wagner, J.), quoting Camposano v. Claiborn, 2 Conn. Cir. Ct. 135, 137, 196 A.2d 129 (1963). See also Lowery v. Metpath, Superior Court, judicial district of Hartford/New Britain at Hartford, DN 518788 (November 9, 1993) (Hennessey, J.).
 However, the other line of cases do not require a special agreement. A breach of contract case is "entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. . . . The two courses of action are dissimilar as to theory, proof and damages recoverable." Camposano v. Claiborn, supra, 2 Conn. Cir. Ct. 137. "[T]he second count of the complaint [for breach of contract] should not be stricken. Two distinct causes of action may arise from one wrong. Hickey v. Slattery, 103 Conn. 716, 719 (1926)." Paggioli v. Manchester Memorial Hospital, 1 Conn. L. Rptr. 729, 729 (1990) (Allen, S.J.). See also Johnson v. Kaiser Foundation Health Plan, Superior Court, JD of New Haven at New Haven, DN 031241-S (May 18, 1994) (Gray, J.)
 This court believes that the former line of cases represent a better reasoned approach. By requiring a special agreement, these cases eliminate those cases where the plaintiff "has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice." Malone v. Caldwell, supra, 6 Conn. L. Rptr. 324-25 (granting a motion to strike a breach of contract claim that repeated the allegations of a medical malpractice claim.)
CT Page 7203
This court agrees with the court in Picarazzi that the better rule is that in order to state a separate cause of action where injuries are alleged to have resulted from the breach of a contract to render medical services, the plaintiff must allege a special agreement to achieve a particular result. In this case as in Malone v. Caldwell, supra and Picarazzi V. Fichera, supra, the plaintiff alleges no more than an agreement by Drs. Cohen and Welch and by Hartford Hospital that they would adhere to the applicable standards of care. Such an agreement adds nothing to the allegations of medical malpractice present in the First, Fourth and Sixth Counts of the Complaint.
Based on the foregoing the Third, Fifth, and Seventh Counts of the Revised Complaint of July 2, 1996 are hereby ordered stricken.
By the court,
Aurigemma, J.