[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE #112
On April 15, 1997, the plaintiff, Anthony DeLeon, filed a nine count complaint against Robert Liguori (the "defendant"), Anthony Fonda ("Fonda"), Michael Konover ("Konover"), Konover Development Corporation ("KDC"), Konover Management Corporation ("KMC"), Westerly Commercial Associates Limited Partnership ("WCA") and Adler, Pollock Sheehan Incorporated ("Adler, Pollock"), seeking inter alia, an accounting, damages and the imposition of a constructive trust. The complaint alleges that sometime prior to January 13, 1984, the plaintiff and Fonda undertook a venture to acquire property in Westerly, Rhode Island (the "Westerly property"). The two were assisted in this matter by the defendant, acting in his capacity as an attorney (the defendant was, at the time, an attorney in Rhode Island with the firm Adler, Pollock).
On January 13, 1984, a general partnership between the plaintiff, Fonda and one Robert Schpero was formed under the laws of Connecticut, called Westerly Plaza Associates ("WPA"). The purpose of the partnership was to own, develop, operate, lease and otherwise manage the Westerly property, and ultimately to develop the property or sell off the project rights thereto. During 1984, WPA obtained options on land comprising the Westerly property and obtained commitments for the lease of space in a prospective shopping center on the site. In January of 1985, the defendant became a member of WPA while continuing to represent it as counsel.[1]
In July of 1985, the plaintiff, on behalf of WPA, received an offer from a developer to buy the project rights to the property. The defendant and Fonda, however, persuaded the plaintiff and Schpero not to accept the offer in favor of negotiations Fonda had been engaged in with KDC. WPA ultimately sold the project rights to KDC for a price less than that which the first developer had offered; to date, only one of two equal installment payments or $500,000 for the sale has been made to WPA from KDC despite the plaintiff's demands for payment. In January and February of 1986, CT Page 4816 two of three parcels comprising the Westerly property were conveyed to KDC.
On February 27, 1986, the defendant, Fonda, Konover and KMC formed WCA, a limited partnership, with the purpose of developing and managing the Westerly property. The defendant and Fonda never informed the plaintiff of this arrangement, and the plaintiff did not learn of it until April 5, 1994. Title to the Westerly property was transferred from KDC to WCA in October of 1986. Neither the defendant nor Fonda made a demand on KDC for the balance of the installment payments due WPA after becoming partners with Konover and KMC.
The plaintiff's complaint alleges nine counts against the various parties involved in the above dealings. The first count of the complaint alleges breach of fiduciary duty against Fonda and the defendant; the second count alleges breach of contract (the partnership agreement) against Fonda and the defendant; the third count alleges fraudulent nondisclosure against Fonda and the defendant; the fourth count alleges attorney malpractice on the part of the defendant and Alder, Pollock; the fifth count alleges breach of implied contract by the defendant and Adler, Pollock; the sixth count alleges tortious interference with contractual relations against WCA, Konover and KMC; the seventh count alleges tortious interference with a business expectancy against WCA, Konover, KMC and KDC; the eighth count also sounds in tortious interference with a business expectancy, again against Konover, KMC and KDC; and the ninth count alleges civil conspiracy against Fonda, the defendant, WCA, Konover, KMC and KDC.
Pursuant to Practice Book § 152, the defendant filed a motion to strike the various counts of the complaint against him and an accompanying memorandum in support. The Plaintiff filed a memorandum in opposition to the motion to strike, and the defendant filed a response. The various grounds for the motion to strike and for the opposition are set forth and addressed below.
 A.
The defendant argues that all counts against him should be stricken on the ground that they fail to state a cause of action because (1) WPA is the proper party to assert the claims and therefore the plaintiff does not have standing to bring the action, (2) the plaintiff has not been authorized by WPA to bring the action in a representative capacity, or (3) the partners of WPA are CT Page 4817 necessary parties to the action and have not been joined as party plaintiffs.
The current version of the Uniform Partnership Act (the "UPA") was enacted in 1994 and went into effect in July of 1997, SeeP.A. 95-341, § 1 (General Statutes §§ 34-300 to 34-399, repealing General Statutes §§ 34-40 to 34-81z). Section 34-303 of the UPA provides that, in the absence of agreement otherwise, the provisions of the UPA govern relations among partners and between partners and the partnership. Section 34-339 (b) provides that "[a] partnership may maintain an action against the partnership or another partner for legal or equitable relief. . . to:
"(1) Enforce the partner's rights under the partnership agreement;
"(2) Enforce the partner's rights under sections 34-300 to34-399, inclusive. . .; or
"(3) Enforce the rights or otherwise protect the interests of the partner, including rights and interests arising independently of the partnership relationship. " General Statutes § 34-339 (b). Assuming that there has been no agreement otherwise, the provisions of this section of the UPA appear to allow the plaintiff, under subsections (b)(1) and (b)(3), to bring the current action against the defendant both pursuant to the partnership agreement and pursuant to the plaintiff's rights and interests.
The court concludes that (1) the plaintiff does have standing to bring the action, (2) the plaintiff does not need to bring the action in a representative capacity, and (3) the partners are not necessary parties to the action and are not required to be joined as party plaintiffs. The defendant's motion to strike counts one, two, three, four, five and nine on these bases is denied.
 B.
The defendant next argues that count four of the complaint, sounding in legal malpractice, should be stricken because, as attorney for WPA and not the plaintiff, the defendant owed no duty to the plaintiff. The plaintiff claims that because the complaint indicates that the defendant represented the plaintiff before the formation of WPA, and continued his efforts to represent the partnership after its formation, the plaintiff had adequately demonstrated that the defendant owed a duty to the plaintiff. CT Page 4818
"`In an action for legal malpractice, a plaintiff must plead (1) that the attorney owed plaintiff a duty of care arising from an attorney-client relationship, (2) that the defendant breached that duty, and (3) that as a proximate result, the plaintiff suffered actual damages.'" Chisholm v. Williams, 1996 WL 383400, at *1 (June 14, 1996, Levin, J.) The plaintiff argues that even though there was no express agreement between himself and the defendant for representation in matters after the formation of WPA, there was, in light of the circumstances, an implied agreement.
"`A partnership usually is a legal entity and is the lawyer's client. Thus, a lawyer who represents a partnership does not thereby become counsel for or owe a duty to the partners.'" Novakv. Scalesse, 43 Conn. App. 94, 101 n. 6, 681 A.2d 968, cert. granted, 239 Conn. 925, 682 A.2d 1004 (1996), quoting 3 R. Mallen J. Smith, Legal Malpractice (4th Ed. 1996) § 24.8. However, an attorney can represent a partnership as a separate entity from the partners, while at the same time expressly or impliedly representing one or more of the partners. See 3 R. Mallen J. Smith, Legal Malpractice (4th Ed. 1996) § 24.8, p. 203; Rules of Professional Conduct 1.13(e).
"[A] lawyer who represents a partnership represents the entity rather than the individual partners unless the specific circumstances show otherwise. Whether a lawyer representing a partnership has an attorney-client relationship with any individual partner depends on the facts of the particular situation . . . ." ABA Formal Opinion No. 91-361 (July 12, 1991), p. 3.
Novak v. Scalesse, supra, does not hold that a lawyer can never separately represent both a partnership as an entity and a partner. Accord 3 R. Mallen J. Smith, Legal Malpractice (4th Ed. 1996) § 24.8, p. 203 ("An attorney expressly or impliedly may undertake simultaneous representation of the entity and a partner . . . ."). The court in Novak merely decided that based on the facts of the case, and on the evidence presented to the jury, the jury could have concluded that an attorney did not owe a duty of care to an individual partner because the individual partner did not prove that the attorney did owe such a duty. There is nothing in Novak to indicate that an attorney could not be deemed to represent both a partnership and an individual partner based on allegations or evidence of implied representation.
In construing the facts in the complaint most favorable to the CT Page 4819 plaintiff, facts provable in the complaint would support a cause of action. See Faulkner v. United Technologies Corp. , 240 Conn. 576,580, 693 A.2d 293 (1997). "This included the facts necessarily implied and fairly provable under the allegations." (Internal quotation marks omitted.) Westport Bank Trust Co. v. CorcoranMallin Aresco, 221 Conn. 490, 495, 605 A.2d 862 (1992). The motion to strike count four is denied.
 C.
The defendant moves to strike the fifth count of the complaint, breach of implied contract to provide legal representation, on the grounds that (1) the defendant owed no contractual duty to the plaintiff as an individual partner, or (2) the plaintiff cannot maintain both a legal malpractice claim and a breach or implied contract claim based upon the same allegations absent a special agreement warranting a particular result. The plaintiff does not address the first ground for the defendant's motion. As to the second ground, the plaintiff argues that the case law cited by the defendant in support his position is inapposite, as it is related to medical malpractice cases rather than legal malpractice. Further, the plaintiff argues that case law addressing the issue in the context of legal malpractice indicates that a cause of action for both malpractice and breach of implied contract can be maintained in separate counts based on the same allegations of fact.
"The . . . claim of breach of an implied contract could be read to allege failure to perform duties imposed either by a contract implied in fact or a contract implied in law, . . . A contract implied in fact, like an express contract, depends on actual agreement . . . [and a] contract implied in law requires, as a foundation, that there be an obligation created by law that imposes a duty to perform." (Citation omitted; internal quotation marks omitted.) Chotkowski v. State, 240 Conn. 246, 268 n. 26,690 A.2d 368 (1997). The plaintiff in the present action makes no claim that a contract arose from operation of law. To state a cause of action for breach of an implied contract, the plaintiff must allege "that the [defendant] agreed, either by words or action or conduct, to undertake any form of actual contractual commitment to the plaintiff." (Internal quotation marks omitted.) D'Ulisse-Cupov. Board of Directors of Notre Dame High School, 202 Conn. 206, 211
n. 2, 520 A.2d 217 (1987).
Although the defendant argues that he owed no contractual duty CT Page 4820 to the plaintiff as attorney for WPA, the allegations of the complaint as construed in a light most favorable to the plaintiff indicate that the defendant had an agreement to represent the plaintiff prior to the formation of WPA, thus supporting a cause of action for implied contract. "`[A]ll well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted.'" JLJ Associates, Inc. v. Persiani, 41 Conn. Sup. 79, 80,550 A.2d 650 (1988), quoting Amodio v. Cunningham, 182 Conn. 80,82-83, 438 A.2d 6 (1980). The defendant's motion to strike the fifth count on ground (1) is denied.
As to the defendant's second basis to strike count five, there is a split of authority on whether in a medical malpractice action a plaintiff may claim both negligence and breach of contract based upon the same allegations in separate causes of action. See, e.g.,Glander v. Licht, Superior Court, judicial district of Danbury, Docket no. 322773 (March 18, 1997, Moraghan, J. ); Rehor v. Boland, Superior Court, judicial district of New Haven at New Haven, Docket No. 378521 (January 30, 1996, Corradino, J.) (16 Conn. L. Rptr. 106);Tumeniuk v. Chastanet, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 045308 (May 19, 1995), Skolnick, J.) (14 Conn. L. Rptr. 186); Donnelly v. CandlewoodObstetric-Gynecological Associates, P.C., Superior Court, judicial district of Danbury, Docket No. 302096 (June 8, 1992, Moraghan, J.). In legal malpractice actions, a plaintiff has been permitted to include a negligence count and a breach of contract count in the same suit based on the same allegations. See Westport Bank TrustCo. v. Corcoran, Mallin Aresco, 221 Conn. 490, 494 n. 5,605 A.2d 862 (1992) (noting that allegations in the complaint "clearly alleged, in count one, a breach of a direct attorney-client contract and, in count three, the tort of legal malpractice");Stowe v. Smith, 184 Conn. 194, 199, 441 A.2d 81 (1981) (In an action by a third party beneficiary of a will against an attorney for breach of contract in drafting a will that adversely affected the intended beneficiary, "[u]nless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both.")' The defendant's motion to strike count five of the complaint is denied.
 D.
The defendant moves to strike the ninth count of the complaint, civil conspiracy, as to him on the basis that the plaintiff has failed to allege an essential element of such a cause of action-namely, that the defendant engaged in an unlawful CT Page 4821 act or a lawful act done by criminal or unlawful means. The plaintiff argues that he has properly alleged in his complaint that the defendant breached certain legal duties owed to the plaintiff, and that this suffices to withstand a motion to strike.
A cause of action for civil conspiracy must allege: "(1) a combination between two or more persons, (2) to do a criminal or unlawful act or a lawful act by criminal or unlawful means, (3) an act done by one or more of the conspirators pursuant to the scheme and in furtherance of the object, (4) which act results in damage to the plaintiff." Internal quotation marks omitted.)Marshak v. Marshak, 226 Conn. 652, 665, 628 A.2d 964 (1993). It is clear that allegations of the breach of a legal duty or the commission of a legal wrong are sufficient to meet the second prong of the test. See, e.g. Governors Grove CondominiumAssociation v. Hill Development Corp. , 36 Conn. Sup. 144, 151-56,414 A.2d 1177 (1980); Northrop v. Town of Clinton,14 Conn. Sup. 28, 30-31, ___ A.2d ___ (1946); cf. Meehan v. Yale New HavenHospital, Superior Court, judicial district of Fairfield at Bridgeport., Docket No. 320418 (March 12, 1996, Hartmere, J.) (16 Conn. L. Rptr. 437). Because the plaintiff has sufficiently alleged the commission of legal wrongs by the defendant against the plaintiff in several counts of the complaint, the defendant's motion to strike count nine of the complaint is denied.
 E.
Finally, the defendant argues that all counts against him should be stricken because each count fails to allege how the defendant's actions caused the damages claimed by the plaintiff. Specifically, the defendant asserts that because the complaint alleges that he breached certain duties owed to the plaintiff through acts or omissions related to his role in WCA, and because the damages claimed relate to the sale of the Westerly property, which took place before the formation of WCA, the plaintiff has not established how the alleged damages relate to any alleged acts or omissions by the defendant. The plaintiff argues that, as construed in the light most favorable to him, the allegations of the complaint set forth a continuing scheme among the defendants, beginning in the summer and fall of 2985, to deprive the plaintiff of certain interests to which he was entitled.
The allegations of the complaint construed in favor of the plaintiff coupled with the well established concepts of legal CT Page 4822 causation indicate that the plaintiff's alleged damages are sufficiently connected to the defendant's alleged acts or omissions to withstand a motion to strike. It is evident that the complaint sufficiently alleges that the defendant "caused" the plaintiff's injuries in terms of both actual causation and legal causation, as the complaint indicates that the plaintiff's injuries would not have occurred "but for" the defendant's conduct and the defendant's conduct was a substantial factor in the resulting harm. Therefore, the defendant's motion to strike the first, second, third, fourth, fifth and ninth counts on this basis is denied.
George W. Ripley Judge Trial Referee