EDITH PERLSTEIN

*vs.*

WESTPORT SANITARIUM CO.

Superior Court          Fairfield County          File No. 62485

MEMORANDUM FILED SEPTEMBER 3, 1942.

*Pullman & Comley*, of Bridgeport, for the Plaintiff.

*Cummings & Lockwood*, of Stamford, for the Defendant.

Memorandum of decision on demurrer.

O'SULLIVAN, J.   This is a companion case to No. 62484, *Perlstein, Admx. vs. Westport Sanitarium Company\**, wherein the plaintiff, in a representative capacity, seeks damages for the death of her decedent on the theory of (1) breach of contract; (2) negligence; and (3) fraudulent representations. A demurrer addressed to each cause of action in that case has recently been sustained.

The present case relies on substantially the same set of facts alleged in the companion case.   It is in two counts.   The first may be summarized by saying that it alleges that the plaintiff entered into a contract with the defendant whereby the latter undertook, for compensation, to safeguard her husband from committing suicide; that the defendant breached this contract in as much as the patient hanged himself while in the defendant's sanitarium; and that by this breach, the plaintiff has been damaged to the extent of the funeral expenses which she paid and to that arising from the loss of support and consortium to which she was entitled from her husband.

The second count alleges that by reason of false representations made by the defendant, she was induced to commit her
\* *Ante.*

husband to its care; that he thereafter committed suicide and that by reason of the fraud practiced on her, she has been damaged in the same manner as is set forth in the first count. The prayer for relief seeks $50,000 damages.

To each count, the defendant has demurred, that to the first count reading as follows:

The defendant demurs, because:

"1. No action lies at common law for damages resulting from the death of a human being.

"2. An action for damages resulting from death due to breach of contract does not survive to this plaintiff.

"3. No action lies for damages resulting from death due to breach of contract.

"4. Said action is within the provisions of 1680c of the General Statutes [Cum. Supp. 1935] and was not brought within one year from the date of the act or omission complained of.

"5. It fails to state a cause of action."

The demurrer to the second count is of similar import, although it substitutes the words "fraudulent representations" for "breach of contract" wherever the latter appears. What is said with reference to the demurrer to the first count is equally applicable to that addressed to the second.

The fifth ground may be ignored as it is general in form.

The fourth ground is based on this statute: Sec. 1680c. No action to recover damages for injury to the person....caused by....malpractice of a....sanatorium, shall be brought but within one year from the date of the act or omission complained of.

While the defendant calls itself a sanitarium, it falls within the word "sanatorium" in the statute, for the words are practically synonymous. The statute, however, is not applicable to an action based on either breach of contract or fraud. It refers entirely to malpractice, which is a form of negligence. Even if the breach of contract occurred because of malpractice, or if the latter was interwoven in the events that occurred after the fraudulent representations were made, the form of action must govern. The fourth ground is overruled.

The first, second and third grounds give the impression that the pleader views the complaint in a different light than do I. The plaintiff is not seeking to recover for the death of her husband. Her objective is to recover damages for the injuries *she* sustained. Nowhere does it appear that damages for death are sought. She states her damages to be those arising from loss of consortium and support, as well as that caused by her paying the funeral expenses of her husband's burial. The death of Perlstein is relied on, not as an element of damage, but to establish that the contract was breached in the one count, and in the other, that the fraud injured the plaintiff. Had the defendant demurred on the ground that Connecticut law does not permit a recovery of such damage as is claimed, a different situation would have been presented. The first three grounds do not attack either count successfully.

Accordingly, the demurrer is overruled.