## Eugene Camposano *v.* Louis Claiborn

Circuit Court

Sixth Circuit
File No. CV 6-613-1304

Memorandum filed May 17, 1963

*Wilbur Land,* of New Haven, for the plaintiff.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for the defendant.

Wright, J. As the defendant states in his brief, "the verdict having been rendered on conflicting evidence, the sole issue raised by the defendant's motion is whether the action was barred by the Statute of Limitations governing malpractice (Sec. 52-584) or the three year statute of limitations governing oral contracts (Sec. 52-581)."

After the claim of fraud or misrepresentation had been removed from the case by a ruling of the court, the sole remaining claim on behalf of the plaintiff was a claim based upon an alleged contract by the defendant doctor whereby he assured or warranted that a specific result would eventuate from the operation, namely, hairline scars of a minor nature, whereas disfiguring scars of a major nature actually resulted. In essence, the defendant's claim is that all actions against a physician arising out of an operation are included within the general term of "malpractice."

In its charge to the jury, the court ruled that the six-year Statute of Limitations (§ 52-576) was the applicable statute, and that the "malpractice" statute (§ 52-584) did not apply. In reaching this conclusion, the court relied, and still relies, upon the case of *Perlstein* v. *Westport Sanitarium Co.,* 11 Conn. Sup. 180, 182. In that decision, Judge O'Sullivan said: "The statute, however, is not applicable to an action based on either breach of contract or fraud. It refers entirely to malpractice, which is a form of negligence."

The question then arises as to whether the three-year contracts statute (§ 52-581) or the six-year statute (§ 52-576) applies. On this point the court has relied upon *Kennedy* v. *Johns-Manville Sales Corporation,* 135 Conn. 176. That case held (p. 179) that the three-year statute only applies to executory contracts, whereas the six-year statute applies to executed contracts. No claim was made in the complaint, nor was there any offer of proof, to the effect that the defendant doctor did not perform a proper operation. The plaintiff relies solely upon a claim of a warranty or assurance that a certain result would be achieved.

The term "malpractice," on the other hand, presupposes some improper conduct in the treatment or operative skill. In 54 C.J.S. 1111, we find the following definition of malpractice. " 'Malpractice,' sometimes called 'malapraxis,' is a term of broad significance. . . . It is defined as any professional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties; illegal or immoral conduct; improper or immoral conduct; misbehavior; wrongdoing; evil, bad, objectionable, or wrong practice; evil practices, acts or doings; illegal or unethical practice; practice contrary to established rules; practice contrary to rules."

In *Colvin* v. *Smith,* 276 App. Div. 9 (N.Y.), the court said: "A doctor and his patient are at liberty to contract for a particular result, and if that result be not obtained, the plaintiff has a cause of action for breach of contract. . . .  This cause of action is entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. . . .  The two causes of action are dissimilar as to theory, proof and damages recoverable. Malpractice is predicated upon the failure to exercise requisite medical skill and is tortious in nature. The action in contract is based upon a failure to perform a special agreement.  Negligence, the basis of the one, is foreign to the other.  The damages recoverable in malpractice are for personal injuries, including the pain and suffering which naturally flow from the tortious act.  In the contract action they are restricted to the payments made and to the expenditures for nurses and medicines or other damages that flow from the breach thereof."

The motion to set aside the verdict is denied.