[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The facts as alleged in the plaintiffs' three-count revised complaint, filed July 22, 1993, are as follows. On December 14, 1990, plaintiff Diana Lowrey went to the laboratory of the defendant, Metpath, Inc., to have blood drawn. In the course of drawing the blood, an employee of the defendant inserted a needle deep into the plaintiff's arm injuring the plaintiff.
The first and second counts of the plaintiffs' revised complaint are brought on behalf of plaintiff Diana Lowrey and allege claims for medical malpractice and breach of contract, respectively. The third count, brought on behalf of plaintiff Richard Lowrey, is a loss of consortium claim.
On July 29, 1993, the defendant filed a motion to strike along with a memorandum of law in support thereof. The defendant moves to strike the revised complaint in its entirety on the ground that the plaintiffs have failed to file a good faith certificate as required by General Statutes 52-190a. The defendant also moves to strike the second count of the revised complaint on the ground that plaintiff Diana Lowrey has misstated the applicable standard of care in a medical malpractice action. In opposition to the defendant's motion to strike, the plaintiffs rely on a memorandum in opposition filed on May 20, 1993, in response to a prior motion to strike.
The issue of the filing of the good faith certificate was resolved. Therefore, we limit ourselves to the issue involving the second count which is a breach of contract claim.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Id. "In deciding upon CT Page 9689 a motion to strike . . . a trial court must take the facts to be those alleged in the complaint . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros. Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
The court must construe the pleading "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). In ruling on a motion to strike, the court may consider only those grounds raised in the motion. Blancato v. Feldspar,203 Conn. 34, 44, 522 A.2d 1235 (1987).
The defendant moves to strike the second count on the ground that plaintiff Diana Lowrey has alleged the wrong standard of care for a medical malpractice claim. Specifically, the defendant argues that the plaintiff alleges that "the defendant . . . agreed to . . . take proper care to ensure [the plaintiff's] safety and well-being . . ."; (Plaintiffs' Revised Complaint, Second Count, 8); but that the proper standard of care in a medical malpractice action is the care, skill and diligence which similar physicians and surgeons use, General Statutes 52-184c(a).
"`A doctor and his patient are at liberty to contract for a particular result, and if that result be not obtained, the plaintiff has a cause of action for breach of contract.'" Malone v. Caldwell, 6 Conn. L. Rptr. 323, 324 (April 20, 1992, Wagner, J.), quoting Camposano v. Claiborn, 2 Conn. Cir. Ct. 135, 137 (1963). "`The action in contract is based upon a failure to perform a special agreement.'" Id. "In order for a physician to be held liable for a breach of contract with a patient, the physician must have made specific promises about the treatment or result." (Citations omitted.) Donnelly v. Candlewood OB-GYN, 6 Conn. L. Rptr. 532, 532 (June 8, 1992, Moraghan, J.). Therefore, in order to allege a claim for breach of contract in a medical malpractice action, a plaintiff must allege "a breach of a special or express agreement or a failure to effect a promised cure or accomplish a specified result . . . ." Malone v. Caldwell, supra, 324. A plaintiff is not required to allege a specific standard of care for a breach of contract claim in a medical malpractice action. A plaintiff is only required to allege that there was an agreement to effect a promised cure or accomplish a CT Page 9690 specified result and a breach thereof.
Furthermore, "in judging a motion to strike . . . it is of no moment that plaintiff may not be able to prove [her] allegations at trial." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (Super.Ct. 1983). Whether or not the plaintiff will be able to prove an implied contract to "ensure her safety and well-being" is not relevant for purposes of this motion to strike. Accordingly, the motion to strike the second count of the revised complaint is denied.
Mary R. Hennessey, Judge