[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this action the plaintiff alleges that the defendants, the accounting firm of Weinstein, Schwartz Pinkus and Russell H. Fink, its partner, contracted to provide the plaintiff with accounting, tax, and related investment advice and services in good faith and with due diligence. The complaint also alleges that the defendants breached their contract in that they incorrectly evaluated one of the plaintiff's investments as producing "passive losses, "when in fact it produced "ordinary losses". The breach of contract resulted in the defendants' incorrect advice to the plaintiff to invest in a Colonial Realty Limited Partnership because it would produce "passive income" to offset the plaintiff's "passive losses."
The defendants have moved for summary judgment on the grounds that this action was not filed within the time required by the applicable statute of limitations and that the allegations of the complaint are for accountant malpractice and are not sufficient as a matter of law to support a cause of action for breach of contract.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact."D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 429 A.2d 908
(1980). A material fact is one that will make a difference in the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69,422 A.2d 311 (1979). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most CT Page 1323-A favorable to the party opposing the motion. Mingachos v. C.B.S.Ins., 196 Conn. 91, 111, 491 A.2d 368 (1985). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." ConnecticutBank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781,595 A.2d 334 (1991). If the party opposing the motion does not respond, by affidavit or as otherwise provided by Practice Book 380, "the court is entitled to rely upon the facts stated in the affidavit of the movant." Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11-12, 459 A.2d 115 (1983).
The defendants argue that the cause of action set forth in the complaint is subject to Connecticut General Statutes §52-581, which provides:
 (a) No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues. . .
The plaintiff argues that this action is governed by Connecticut General Statutes § 52-576, which provides:
 (a) No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought within six years after the right of action accrues, . . .
In order to fall within the parameters of the three-year statute of limitations of § 52-581, the contract in question must not only be executory, but also must not have been reduced to writing of evidenced by a writing. Terney v. American UrbanCorp., 170 Conn. 243, 238, 365 A.2d 1153 (1976).
The plaintiff has produced sufficient evidence that the contract in question was not executory because he had performed, that is, he had paid the defendants for their services. He has also produced some written evidence of the contract, that being amended income tax returns prepared by the defendants. The defendants, therefore, cannot prevail on their Motion for Summary Judgment on the basis of § 52-581. CT Page 1323-B
The more interesting argument raised by the defendants is that this action is essentially one for malpractice, and is governed by the three year statute of limitations for tort claims. There are a number of rulings by the Superior Court in the area of medical malpractice wherein counts of a complaint which claim breach of contract have been stricken as impermissible attempts to circumvent the three year statute of limitations. The court in Picarazzi v. Fichera, No. CV930306212S (Maiocco, J. Dec. 12, 1994), 1994 Ct. Sup. 12563 presented a thoughtful analysis of those cases:
 There appears to be two lines of Superior Court decisions regarding the relationship between a medical malpractice claim and a breach of contract claim. "To be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good. . . ." (citations omitted.) White v. Bridgeport Radiology Assoc., P.C., supra, 10 Conn. L. Rptr. No. 7 at 223. "The action in contract is based upon a failure to perform a special agreement." Malone v. Caldwell, 6 Conn. L. Rptr. 323, 324 (1992) (Wagner, J.), quoting Camposano v. Claiborn, 2 Conn. Cir. Ct. 135, 137, 196 A.2d 129 (1963). See also Lowery v. Metpath, Superior Court, judicial district of Hartford/New Britain at Hartford, DN 518788 (November 9, 1993) (Hennessey, J.).
 However, the other line of cases do not require a special agreement. A breach of contract case is "entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. . . . The two courses of action are dissimilar as to theory, proof and damages recoverable." Camposano v. Claiborn, supra, 2 Conn. Cir. Ct. 137. "[T]he second count of the complaint [for breach of contract] should not be stricken. Two distinct causes of action may arise from one wrong. Hickey v. Slattery, 103 Conn. 716, 719 (1926)." Paggioli v. Manchester Memorial Hospital, 1 Conn. L. Rptr. 729, 729 (1990) (Allen, S.J.). See also Johnson v. Kaiser Foundation Health Plan, Superior Court, JD of New Haven at New Haven, DN 031241-S (May 18, 1994) (Gray, J.)
 This court believes that the former line of cases represent a better reasoned approach. By requiring a special agreement, these cases eliminate those cases where the plaintiff "has CT Page 1323-C merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice." Malone v. Caldwell, supra, 6 Conn. L. Rptr. 324-25.
In Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 530, 55 559 A.2d 712, cert. denied, 212 Conn. 807 (1989), the Court held that a summary judgment had been incorrectly granted when the trial court failed to apply the contract statute of limitations in an action which also alleged malpractice against an attorney. The Court observed:
 A physician may be subject to a claim for breach of contract arising from an agreement to perform professional services; see Bria v. St. Joseph's Hospital, 153 Conn. 626, 220 A.2d 29 (1966); and there seems to be no reason for treating claims against attorneys differently. It was error to apply the tort statute of limitations to the plaintiff's claim in contract. "Where two distinct causes of action arise from the same wrong, each is controlled by the statute of limitations appropriate to it." Perzanowski v. New Britain, 183 Conn. 504, 506, 440 A.2d 763 (1981).
There is no reasons to treat claims against doctors and lawyers differently from claims against accountants. The trier of fact may decide that there was no contract between the plaintiff and the defendants wherein the defendants agreed to produce a specific result, and that this is an attempt to use a contract theory to circumvent the three year tort statute of limitations. However, the plaintiff has alleged and presented an affidavit which indicates that the defendants agreed to advise him as to how to invest in such a way as to take advantage of existing passive losses and in reliance on that advice the plaintiff invested in a purported passive income investment on January 11, 1988. This action was served on the defendants on January 5, 1994, a date within the six year contract statute of limitations. There are clearly issues of fact as to the nature and existence of a contract between the parties. Therefore, the Motion for Summary Judgment must be denied.
By the court,
Aurigemma, J. CT Page 1323-D