[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On January 10, 1997, the plaintiff filed a three count complaint against the defendant.[1] The plaintiff alleges the following facts in the complaint.
In count one, the plaintiff alleges that on January 23, 1993, the plaintiff and the defendant entered into a contract, whereby, the defendant agreed to draw blood from the plaintiff for testing purposes. The employees of the defendant made several unsuccessful attempts to draw blood, one of which caused the plaintiff to suffer extreme pain and discomfort. The defendant and its employee did not exercise the degree of care or skill in drawing blood that is required from someone in the healthcare profession. As the result of the defendant's negligence, the plaintiff suffered several injuries.
In count two, the plaintiff alleges that the defendant "breached its contract with the plaintiff." In count three, the plaintiff claims that the actions of the defendant and its employees constituted an assault and/or battery upon the plaintiff.
"The purpose of a motion to strike is to contest . . . the CT Page 7753 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
The defendant moves to strike the plaintiff's entire complaint on the ground that the claims asserted therein are barred by the running of the statute of limitations. Furthermore, the defendant maintains that the plaintiff's action cannot be saved by the Connecticut's accidental failure of suit statute, General Statutes § 52-592.[2]
In order to decide whether the plaintiff's complaint can be saved by General Statute § 52-592, the court will have to consider facts outside the pleadings, specifically, the information contained in the file prepared for the original action brought by the plaintiff in 1992. The contents of that file are not part of the complaint in this case. Furthermore, the plaintiff's complaint does not provide any details of the prior action undertaken by the plaintiff or the circumstances leading the plaintiff to file this new action. In the complaint, the plaintiff only states that "[t]his action is brought pursuant to Connecticut General Statutes § 52-592." "In ruling on the motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 75 (1992). The court "cannot be aided by the assumption of any facts not therein alleged." (Internal quotation marks omitted.) Liljedahl Brothers, Inc. v.Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). Since the defendant's motion to strike relies on facts outside the pleadings, the defendant's motion to strike the plaintiff's entire complaint is denied. See Fitzpatrick v. Hall-BrookeFoundation Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316876 (February 5, 1996, Thim, J.);Miller v. Blue Cross/Blue Shield, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308387 (December 29, 1993, Fuller, J.).
The defendant moves to strike count two of the plaintiff's complaint on the ground that Connecticut does not recognize a claim for breach of contract based upon malpractice. CT Page 7754
The plaintiff can bring a breach of contract claim based on medical malpractice where the physician expressly promises that the medical procedure to be performed on the plaintiff will be the medical procedure to be performed on the plaintiff will be successful. See Bria v. St. Joseph's Hospital, 153 Conn. 626,631-32, 220 A.2d 29 (1966). In his complaint, the plaintiff has only alleged that he "contracted with [the defendant] to provide . . . services in drawing blood from [him] for testing (the procedure)." The plaintiff has not alleged that the defendant made any express promise that the procedure would be performed successfully or without injury. Therefore the plaintiff's breach of contract claim is not based on the existence of any express contract between the parties, but rather an implied contract that the procedure would be performed with the standard of care expected of someone in the healthcare profession.
There appears to be two lines of superior court decisions as to whether medical malpractice can give rise to a breach of an implied contract claim. "To be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good." White v. Bridgeport Radiology Assoc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 259604 (September 28, 1993, McKeever, J.) (10 Conn. L. Rptr. 220). "The action in contract is based upon a failure to perform a special agreement." Malone v. Caldwell, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 391436 (April 20, 1992, Wagner, J.) (6 Conn. L. Rptr. 323), quotingCamposano v. Claiborn, 2 Conn. Cir. Ct. 135, 137, 196 A.2d 129 (1963). A breach of contract case is "entirely separate from malpractice, even though they both, as here, may arise out of the same transaction. . . . The two courses of action are dissimilar as to theory, proof and damages recoverable." Camposano v.Claiborn, supra, 2 Conn. Cir. Ct. 137. "By requiring a special agreement, these cases eliminate those cases where the plaintiff `has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice.' Malone v. Caldwell, supra, 6 Conn. L. Rptr. 324-25 (granting a motion to strike a breach of contract claim that repeated the allegations of a medical malpractice claim.)" Picarazzi v. Fichera, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306212 (December CT Page 7755 12, 1994, Maiocco, J.) See also Lowery v. Metpath, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 518788 (November 9, 1993, Hennessey, J.); Rivera v.Chmielewski, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 525096 (November 15, 1994, Sheldon, J.).
However, the other line of cases does not require a special agreement. "[T]he second count of the complaint [for breach of contract] should not be stricken. Two distinct causes of action may arise from one wrong. Hickey v. Slattery, 103 Conn. 716, [719, 131 A. 558 (1926)]." Paggioli v. Manchester MemorialHospital, Superior Court, judicial district of New Britain, 729 (1990). See also Johnson v. Kaiser Foundation Health Plan,
Superior Court, judicial district of New Haven, Docket No. 031241 (May 18, 1994, Gray, J.).
The gravamen of the plaintiff's breach of contract claim is that the defendant's employee was negligent in performing the procedure. This court has previously held that "contract claims" arising out of the furnishing of medical services by a physician or other health care provider, should withstand the test of legal sufficiency only where such claims are based upon an express promise or undertaking to affect a cure or to accomplish some definitive result. Alex Tumeniuk v. Dennis Chastanet,
14 Conn. L. Rptr. No. 6, 186 (July 26, 1995). Absent such alleged express promise or undertaking in this case, the court grants the defendant's motion to strike the second count.
The defendant moves to strike count three of the plaintiff's complaint on the ground that an action of battery cannot be maintained when the plaintiff consented to have the employees of the defendant draw blood from his arm.
It is true that "[t]he theory of battery as a basis for recovery against a physician has generally been limited to situations where he fails to obtain any consent to the particular treatment or performs a different procedure from the one for which consent has been given, or where he realizes that the patient does not understand what the operation entails." (Emphasis in original; Internal quotation marks omitted.)Lambert v. Stovell, 205 Conn. 1, 4, 529 A.2d 710 (1987). In the complaint, the plaintiff admits that he "employed and contracted with [the defendant] to provide . . . services in drawing blood from the plaintiff for testing." The plaintiff has not alleged CT Page 7756 that the defendant's employee realized that he, the plaintiff, did not understand what the procedure entailed. It is clear, therefore, that the plaintiff did consent to having the defendant's employees draw blood from his arm.
In his complaint, the plaintiff alleges that the "[d]efendant and its agents, servants and/or employees held themselves out as duly qualified to render services in a proper and adequate manner to members of the general public and the [p]laintiff . . . ." The plaintiff further alleges that the defendant "failed to warn the [p]laintiff that [its agents] did not have the proper training, education and experience to perform the procedure on the plaintiff . . . ." Such failure to warn, if such allegation of inadequate training and/or experience of the defendant and its employees, is proven, would negate the consent given by the plaintiff to the defendant's employees to perform the procedure.
"If the plaintiff manifests consent to the defendant's act under a mistake as to its nature or character, the consent will still be effective, unless the defendant is aware of the mistakeand takes advantage of it, as where he has misrepresented thematter to the plaintiff." (Emphasis added.) W. Prosser, The Lawof Torts, 4th Ed., p. 105, citing Second Restatement of Torts,
§ 55. "Deception — practiced or perpetrated upon the victim — may give rise to a civil action for assault and battery." Speiser, Charles F. Krause, and Alfred W. Gans, The American Lawof Torts, Vol. 7, p. 892. "The `fraud' usually said to be involved in such a case may be simply the advantage taken of the plaintiff's ignorance to injure him." W. Prosser, Torts (4th Ed. 1971), supra, p. 105.
In the present case, the plaintiff has alleged that the defendant and its employees falsely held themselves out to the plaintiff as being qualified to do the procedure. Furthermore, the plaintiff may be able to show during trial that he would not have allowed the defendant's employees to attempt the procedure had he known that they were not qualified. Because the plaintiff has alleged that the defendant's employees fraudulently misrepresented themselves as being qualified to perform the procedure and the plaintiff allowed them, based on that misrepresentation, to perform the procedure, the plaintiff has alleged sufficient facts to support an action for battery.
Therefore the defendant's motion to strike the third count of the complaint is denied. CT Page 7757
DAVID W. SKOLNICK, JUDGE