[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO STRIKE
The plaintiff, by amended complaint, brings this action in four counts. The first and the third counts are directed to the defendant Rockville General Hospital. The second and fourth count are directed to the physician Johnson-Keys M.D.
The first and the second counts set forth causes of action in negligence, i.e. medical malpractice as against the hospital and the doctor respectively.
The third count and the fourth count, as against the hospital and the doctor respectively, claim that these medical providers "breached a contractual duty or obligation in the nature of an implied warranty to furnish competent and attentive care, attention or treatment as her condition required . . ." The only difference is that, as against the doctor, the wording is "attentive specialist care." Each of these counts, three and four, incorporate the negligence counts of the respective first and second counts.
This court, on January 20, 1998, in response to the request to the motion to compel of the defendant Rockville Hospital, ordered that the plaintiff set forth the contract details of the alleged contract giving rise to the claim of breach of implied CT Page 5794 warranty. No such details of any such contract have been filed by the plaintiff. The plaintiff concedes, at oral argument, that no specific contract has been entered into by the parties. In essence the plaintiff relies upon the concept of a duty out of an implied obligation to use proper care and skill in the undertaking of the performance of medical services.
The Supreme Court in the case of Barnes v. Schlein deals specifically with this issue.
 "A fair reading of the complaint reveals that the gravamen of the suit was the alleged failure by the defendant to exercise the requisite standard of care. Her complaint is absolutely barren of any allegation that the defendant breached any contractual agreement made with her."
 Barnes v. Schlein, 192 Conn. 732, 736 (1984).
The plaintiff in the Barnes case, supra, advanced the same argument as is advanced by the plaintiffs herein. The substantive issue is the same, although it arises in the procedural context that the statute of limitations concerning implied contracts, rather than the statute of limitations pertaining to negligence actions, shall apply. The court determined that the statute of limitations pertaining to negligence actions is applicable, and not the statute of limitations pertaining to contract actions.
The Supreme Court, in Barnes, supra, cites with approval the distinction set forth by the court, Judge Wright, in Camposano v.Clairborn, 2 Conn. Cir. Ct. 135 (1963) whereby that court states as follows:
 "A doctor and his patient are at liberty to contract for a particular result, and if that result be not obtained, the plaintiff has a cause of action for breach of contract . . . Malpractice is predicated upon the failure to exercise requisite medical care. The action in contract is based upon a failure to perform a special agreement." Composano, supra, p. 137. (Emphasis added.)
 In the Composano case the medical supplier . . . "assured or warranted that a specific result would eventuate from the operation, namely hairline scars of a minor nature, whereas disfiguring scars of major nature actually resulted." CT Page 5795 Composano, supra, p. 135.
No special agreement is herein alleged as concerns either the defendant Rockville General Hospital or the defendant K. Johnson- Keys M.D. The motion of the defendant Rockville General Hospital to strike the third count of the complaint is granted. The motion of the defendant Kay Johnson-Keys M.D. to strike the fourth count of the complaint is granted.
L. Paul Sullivan, J.