[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiffs, Rapco, Inc. and Richard Polidori, filed a complaint on September 19, 1997. The complaint concerns the defendants' representation of the plaintiffs in a dispute before the United States Tax Court in 1994. The defendants had been retained to contest the IRS's determination that a certain bonus that Rapco paid to Polidori was not "reasonable" under the Federal Income Tax Regulations. From the complaint, it can be inferred that the Tax Court upheld the decision of the IRS to the detriment of the plaintiff Polidori. This action followed.
The complaint contains four counts. Two of the counts allege professional negligence against each of the defendants, Frank Louis and Andros, Floyd Miller, respectively. The other two counts allege breach of contract against the two defendants. The breach of contract counts repeat the factual allegations CT Page 13492 contained in the malpractice counts, but also include additional allegations. First, the plaintiff alleges that "[i]n accepting the plaintiffs retainer and employment for legal services, the defendants formed an attorney-client contract." The plaintiff further alleges that the defendants breached this contract by failing "to adequately and fully represent the plaintiff's interests in one or more of the following ways: (a) In failing to adequately prepare for the hearing in the United States Tax Court by retaining an expert witness that would support the plaintiff's cause. (b) In failing to adequately prepare for the hearing in the United States Tax Court by compiling all necessary evidentiary documentation and filing it with the Court and opposing counsel by the specified time period of fifteen days before the hearing." Finally, the plaintiff alleges that the defendants breached the contract with the plaintiff by failing to exercise reasonable care in representing the plaintiff s defense in the Tax Court that the disputed bonus payment was "reasonable" under the relevant regulations.
On July 16, 1998, the defendants filed a motion to strike the second and fourth counts of the plaintiffs' complaint. Their motion to strike states that "[e]ach count alleges only that defendants' attorneys, failed to exercise reasonable care in their performance of a contract, and neither count alleges a breach of a specific or express promise as necessary to allege a breach of contract against an attorney." The defendants also filed a memorandum of law in support of their motion. The plaintiffs filed an objection and memorandum of law on August 12, 1998.
 II.
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of a pleading to state a claim upon which relief can be granted. See Practice Book § 152, now Practice Book (1998 Rev.) § 10-39; Peter-Michael, Inc. v.Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded." Parsons v.United Technologies Corp. , 243 Conn. 66, 68, 700 A.2d 655 (1997). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings."Holler v. Buckley Broadcasting Corp. , 47 Conn. App. 764, 768,706 A.2d 1379 (1998). In reviewing a motion to strike, "[t]he allegations of a complaint . . . are entitled to the same favorable construction a trier would be required to give in CT Page 13493 admitting evidence under them and if the facts provable under its allegation would support . . . a cause of action, the motion to strike must fail." Id.
In their memorandum, the defendants concede that an attorney may be subject to a claim for breach of contract arising from an agreement for the performance of professional services. The defendants argue, however, that in order for such a cause of action to lie, the plaintiff must allege the existence of a special agreement.
The defendants begin their analysis of the law by discussingBarnes v. Schlein, 192 Conn. 732,473 A.2d 1221 (1984). The court in Barnes upheld the trial court's application of the tort statute of limitations because the plaintiff's "complaint [was] absolutely barren of any allegation that the defendant breached any contractual agreement made with her. Cf. Camposano v. Claiborn, [2 Conn. Cir. Ct. 135, 196 A.2d 129 (1963)] (physician's assurance that operation would result in only hairline scars of a minor nature governed by six year [contract] statute of limitations)." Id., 736.
There is a split among superior courts based on two distinct interpretations of the holding in Barnes. One argument is based on the court's citation of Camposano, in which the court applied the contract statute of limitations rather than the malpractice statute of limitations. In Camposano, the defendant allegedly expressly agreed with the plaintiff to effectuate a specific result. See Camposano v. Claiborn, 12 Conn. Cir. Ct. 135, 196 A.2d 129 (1963). Arguably, then, the court in Barnes was implying through its citation of Camposano preceded by the signal "cf.," which means compare, that in order to have a valid claim for breach of contract against a professional, there must be allegations of an express agreement for a specific result. This interpretation, which the defendants endorse, has been followed in many superior court decisions involving both medical malpractice and legal malpractice. See, e.g., Huffmire v. Cohen, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 550870 (December 11, 1996) (Aurigemma, J.) (medical context), and cases cited therein; Berry v. Shearin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321443 (August 23, 1996) (Moran, J.) (legal context), and cases cited therein.
Other Superior Courts have not read Barnes as requiring such an allegation. See, e.g., Fontanella v. Chrysler Corp. , Superior Court, judicial district of New Haven at New Haven, Docket CT Page 13494 No. 3647641 (April 18, 1996) (Hodgson, J.) (16 CONN. L. RPTR. 489). Arguably, the reference to Camposano was simply to contrast a malpractice claim that contained an allegation of a contract and breach. See id., 490. This Court feels that the reasoning ofFontanella is more persuasive and in line with appellate decisions.
Practice Book § 10-21, formerly § 133, allows a complaint to include separate claims in contract and tort arising out of the same transaction. See Practice Book § 10-21, formerly § 133; see also Stowe v. Smith, 184 Conn. 194, 199,141 A.2d 81 (1981). "Unless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both." Stowe v. Smith,supra, 184 Conn. 199.
Separate causes of action in tort and breach of contract may arise from an attorney's allegedly defective representation. SeeWestport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 494 n. 5, 605 A.2d 862 (1992); Mac's Car City, Inc. v.DeNigris, supra, 18 Conn. App. 530. Where a complaint is couched in the language of tort rather than contract, the claim will be treated as a tort claim. See Shuster v. Buckley,5 Conn. App. 473, 477-78, 500 A.2d 240 (1985). However, Shuster "does not stand for the proposition that all claims against attorneys must necessarily be construed as tort claims." Mac's Car City, Inc.v. DeNigris, 18 Conn. App. 525, 530, 559 A.2d 712 (1989). The issue in Shuster was whether the single-count complaint was couched in contract or in tort, not whether two counts were sufficiently distinct so as to state separate causes of action.
In Mac's Car City, there is no mention that the plaintiff alleged an express agreement to achieve a specific result. Rather, the decision merely notes that it was alleged that the plaintiff "had met with the named defendant and had retained the defendants to represent Mac's Car City, Inc., in the lawsuit, and that the defendants had agreed to do so." Id., 527. The court, nonetheless, went on to hold that it was error for the trial court to apply the tort statute of limitations rather than the contract statute of limitations regardless of the apparent lack of an express agreement for a specific result. Id., 530.
As noted by Judge Hodgson in Fontanella, "the Supreme Court has not held that a negligence action is the exclusive cause of action by which a claim concerning the performance of legal CT Page 13495 services by a lawyer can be raised, nor has it limited the right to claim in contract to situations in which the contract is a guarantee of a particular result." Fontanella v. Chrysler Co.,supra, 16 CONN. L. RPTR. 490. Moreover, "when the court inBarnes . . . cited . . . Camposano . . ., in which a plaintiff had pled, in addition to negligence, a contract to achieve a specific result, the Supreme Court did not decide that only that variety of contract claim may be asserted in addition to a negligence claim." (Emphasis in original.) Id. Accordingly, the Fontanella
court denied a motion to strike the count of the plaintiff's claim raising breach of an attorney-client contract, noting that the count "alleges the existence of a contract to undertake investigation and pursuit of a product liability claim and to preserve evidence in furtherance of these activities and a breach of that contract." Id.
In the present action, the plaintiffs have alleged the existence of an implied contract and have also alleged that this implied contract has been breached by the defendants. In particular, the plaintiffs have alleged the existence of a contract to convince the Tax Court that the bonus compensation paid to plaintiff Polidori was "reasonable" under the tax regulations. The plaintiffs allege, furthermore, that the defendants breached this contract by failing to retain an expert witness to testify in support of the position that the defendants had contracted to argue on Polidori's behalf and by failing to file documentation at the proper time. Thus, in contrast toShuster, the plaintiffs' complaint is not couched in the language of tort. Nor is it barren of any allegation of a breach of a contract, as was the case in Barnes.
It is concluded that the interpretation of Connecticut law that permits a cause of action in breach of contract against an attorney without requiring allegations of the breach of a special promise is more persuasive and more consistent with the relevant appellate caselaw. Accordingly, the defendants' motion to strike is denied.
STENGEL, J.