[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PARTIAL MEMORANDUM OF DECISION, RE: COUNTS 3 4 ON DEFENDANTS' AUGUST 20, 1998 MOTION TO STRIKE COUNTS 3, 4, 12 OF AMENDED COMPLAINT OF MARCH 17, 1998
CT Page 257
Defendants are an attorney and two law firms with which he was affiliated. Plaintiff and her husband, and then his estate, were clients.
The factual allegations of the legal malpractice and contract causes of action are somewhat complex and not especially enlightening as to the legal issued raised in counts three and four. It may suffice to say at this point that the circumstances involve the affairs of a very substantial estate.
Counts three and four allege breaches of an oral agreement and of an implied agreement, respectively.
Defendants claim that these contract based claims must be stricken as they do no allege warranty of a particular result to plaintiff.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." Peter-Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558
(1998). In determining the sufficiency of a motion to strike, "the court is limited to the facts alleged in the complaint."Faulkner v. United Technologies Corp. , 240 Conn. 576, 580,693 A.2d 293 (1997). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Id., 580.
As noted, the defendants move to strike counts three and four on the ground that the allegations are insufficient to sustain a contract claim against Gammill. The defendants argue that the plaintiff cannot state a claim in contract by merely realleging negligence claims and adding language purporting to establish an agreement between the parties, defendants further argue that contract claims based on legal malpractice must include allegations that the attorney made specific promises as to results and that plaintiff has failed to allege that defendants assured a certain result.
Plaintiff argues that an action against an attorney can lie in both contract and negligence and that a legal malpractice claim does not require that a defendants's attorney make specific CT Page 258 promises as to results.
"In legal malpractice actions, a plaintiff has been permitted to include a negligence count and a breach of contract count in the same suit based on the same allegations." DeLeon v. Fonda, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 059096 (April 2, 1998) (Ripley, J.T.R.). "[T]he Supreme Court has not held that a negligence action is the exclusive cause of action by which a claim concerning the performance of legal services by a lawyer can be raised, nor has it limited the right to claim in contract to situations in which the contract is a guarantee of a particular result." Fontanella v. ChryslerCorporation, Superior Court, judicial district of New Haven at New Haven, Docket No. 364764 (April 18, 1996) (Hodgson, J.) (16 CONN. L. RPTR. 489, 490).
The Supreme Court has recognized that a plaintiff may have both a tort and contract claim against a defendant attorney. SeeWestport Bank Trust Co. v. Corcoran, Mallin Aresco,221 Conn. 490, 494 n. 5, 605 A.2d 862 (1992) (noting that the plaintiff "clearly alleged, in count one, a breach of a direct attorney-client contract and, in count three, the tort of legal malpractice by an attorney with respect to his client"); Stowe v.Smith, 184 Conn. 194, 198-99, 141 A.2d 81 (1981) (stating that "[u]nless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both"); Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,529-30, 559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1357 (1989) (noting that an action in contract has been recognized against an attorney and that it was error for the trial court to apply the tort statute of limitations to the plaintiff's claim in contract). Nevertheless, the defendants rely on Shuster v. Buckley,5 Conn. App. 473, 478, 500 A.2d 240 (1985), to argue that appellate authority restricts contract claims in the context of malpractice. InShuster, the court stated that "[w]here the complaint alleges legal malpractice based on negligence, the tort statute of limitations applies . . . Where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sounds in negligence, even though he also alleges that he retained him or engaged his services." (Citations omitted.) Id. Shuster is distinguishable because the complaint in Shuster sounded solely in legal malpractice. CT Page 259
Here, the plaintiff has set forth not only a claim sounding in legal malpractice, but also separate claims sounding in breach of contract, therefore rendering the contract claim proper. SeeThomas v. Mazzucco, Superior Court, judicial district of Litchfield, Docket No. 064678 (April 23, 1996) (Pickett, J.) (distinguishing Shuster by stating that Shuster dealt with a single count clearly sounding solely in legal malpractice, whileThomas set forth two separate causes of action, in negligence and in breach of contract); Evans Cooling Associates v. Reid Riege, Superior Court, judicial district of Litchfield, Docket No. 069425 (September 6, 1996) (Dranginis, J.) (17 CONN. L. RPTR. 538, 541) (complaint in Shuster set forth a single count of legal malpractice, while in the present action, "the complaint contains language, which read in a light most favorable to the plaintiffs, sets forth allegations of breach of contract").
More specifically, defendants argue that contract claims based on legal malpractice must include allegations that the attorney made specific promises as to results. The defendants rely on Jacoby v. Brinckerhoff, Superior Court, judicial district of Danbury, Docket No. 326260 (August 22, 1997) (Moraghan, J.) (20 CONN. L. RPTR. 577) and Berry v. Shearin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321443 (August 21, 1996) (Moran, J.).
There is a split of authority in the Superior Court regarding the relationship between a medical malpractice claim and a breach of contract claim. See Thomas v. Mazzucco, supra, Superior Court, Docket No. 064678 and cases cited therein. According to one line of reasoning, "[t]o be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good . . . The action in contract is based upon a failure to perform a special agreement." (Citations omitted; internal quotation marks omitted) Id.
By contrast, the other line of cases do not require a special agreement. See Thomas v. Mazzucco, supra, Superior Court, Docket No. 064678 and cases cited therein. These cases hold that "a breach of contract case is entirely separate from malpractice, even though they both, as here, may arise out of the same transaction . . . The two courses of action are dissimilar as to theory, proof and damages recoverable." (Internal quotation marks omitted.) Id. CT Page 260
The line of cases not requiring a special agreement is more persuasive. Although Berry is a legal malpractice case, the court relied on Camposano v. Claiborn, 2 Conn. Cir. Ct. 135, 136-37, 196 A.2d 129 (1963), a medical malpractice case, and held that a plaintiff may recover in a malpractice action for breach of contract if he alleges that the professional warranted or assured a certain result. Berry v. Shearin, supra, Superior Court, Docket No. 321443. However, the court failed to explain why it was applying the reasoning from a medical malpractice case to a legal malpractice case. Id. Primarily because there is appellate authority which permits a plaintiff in a legal malpractice case to include a negligence count and a breach of contract count based on the same allegations, a plaintiff should not be deemed required to allege that the defendants guaranteed or promised a particular result. See DeLeon v. Fonda, supra, Superior Court, Docket No. 059096; Evans Cooling Associates v. Reid Riege, supra, 17 CONN. L. RPTR. 541-42; see also Fontanella v. ChryslerCorporation, supra, 16 CONN. L. RPTR. 490 (Supreme Court has not limited the right to claim in contract to situations in which the contract is a guarantee of a particular result).
Therefore, the court denies the defendants' motion to strike counts three and four.
NADEAU, J.