[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This case arises out of an alleged sexual assault committed on the plaintiff, Michele Hanchar, while she was an inpatient at the defendant, Silver Hill Hospital, Inc., where she had been admitted on January 26, 1996. At approximately two o'clock in the morning on January 30, 1996, the plaintiff awoke to find David Collic, a psychiatric technician employed by the defendant hospital, sexually assaulting her. On or after February 3, 1996, the plaintiff reported the incident to the nurse on duty and the nurse's supervisor. The defendant hospital, despite the fact that it knew that the plaintiff had been sexually assaulted by one of its employees, did not perform a physical or psychological examination of the plaintiff, or offer the plaintiff crisis counseling. A subsequent investigation by the New Canaan police department revealed that Collie had a criminal history involving several arrests and/or convictions for crimes. CT Page 2886
The plaintiff alleges negligent hiring, negligent retention, negligent supervision, malpractice, negligent infliction of emotional distress and breach of contract, and seeks punitive damages. The defendant filed a motion to strike the fifth and sixth counts of the complaint, which allege negligent infliction of emotional distress and breach of contract respectively, and the prayer for relief requesting punitive damages.
"The purpose of a motion to strike is to contest . . ., the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael. Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors v. Fusco Corp., 231 Conn. 381, 383
n. 2, 650 A.2d 153 (1994); see also Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989).
The defendant argues that in count five of the complaint, the plaintiff does not adequately state a claim for negligent infliction of emotional distress because the claim is identical to the count alleging medical malpractice. The plaintiff claims she may plead, in the alternative, two separate causes of action arising out of the same transaction or occurrence.
"[A] litigant may recover just damages for the same loss only once." Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 23,699 A.2d 964 (1997). However, two distinct causes of action may arise from one wrong. See Hickey v. Slattery, 103 Conn. 716, 719,131 A. 558 (1926). A plaintiff may join several causes of action "arising out of the same transaction or transactions connected with the same subject of action." Practice Book § 10-21(7). "The plaintiff may claim alternative relief, based upon an alternative construction of the cause of action." Practice Book § 10-25. Accordingly, the plaintiff may claim in the alternative malpractice and negligent infliction of emotional distress where the alleged actions of the defendant in inflicting harm and the injury claimed are identical.
The defendant next argues that in count six the plaintiff has not adequately stated a claim for breach of contract because the plaintiff does not allege that the defendant made specific promises to the plaintiff. "A doctor and his patient are at liberty to contract for a particular result, and if that result be not obtained, the plaintiff has a cause of action for breach CT Page 2887 of contract. . . . The action in contract is based upon a failureto perform a special agreement." (Emphasis added; internal quotation marks omitted.) Camposano v. Claiborn, 2 Conn. Cir. Ct. 135, 137, 196 A.2d 129 (1963). Where the plaintiff "has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice . . ." the court will find that the plaintiff has not sufficiently alleged the existence of a special agreement. Malonev. Caldwell, Superior Court, judicial district of Hartford, Docket No. 391436 (April 20, 1992, Wagner, J.) (6 Conn. L. Rptr. 323, 324-25); see also Barnes v. Schlein, 192 Conn. 732, 735-36,473 A.2d 1221 (1984); Doe v. Veterans Memorial Medical Center,
Superior Court of Connecticut, Docket No. 571265 (July 7, 1998,Aurigemma, J.); Picarazzi v. Fischera, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306212 (December 9, 1994, Maiocco, J.).
Here, the plaintiff alleges that the defendant breached promises made in a "manual" provided to the plaintiff. (Second Revised Complaint, Count One, § 3.) The plaintiff alleges that the manual provided that the defendant's staff would be "well trained," and that the plaintiff would "receive humane and dignified treatment at all times, with full respect for [her] personal dignity and right to privacy." (Second Revised Complaint, Count Six, §§ 40, 42.) The plaintiff does not allege that the defendant breached an implied agreement to conform to the requisite professional standard of care. Cf.Barnes v. Schlein, supra, 192 Conn. 735-36 (the plaintiff did not state a breach of contract claim where the plaintiff alleged that the defendant impliedly agreed to conform to the requisite professional standard of care). The court finds that the plaintiff has alleged the existence of a specific promise that is sufficient to support a breach of contract claim.
The defendant next argues that the claim for punitive damages should be stricken because the plaintiff has not alleged facts that show a reckless indifference to the rights of others. "Punitive damages, applying the rule in this state as to torts, are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." Collens v. New Canaan Water Co., 155 Conn. 477,489, 234 A.2d 825 (1967). "Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may CT Page 2888 be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518,532, 542 A.2d 711 (1988).
"The allegations of one count of a complaint based on common law reckless conduct must be separate and distinct from the allegations of a second count sounding in negligence. . . . There is a wide difference between negligence and reckless disregard of the rights or safety of others. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made. . . . In other words, it is clearly necessary to plead a [common law] cause of action grounded in recklessness separate and distinct from a negligence action." (Internal quotation marks omitted.) Epner v. Theratx. Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 161989 (March 10, 1998, D'Andrea, J.).
Here, the plaintiff does not allege a cause of action grounded in recklessness in a separate count of the complaint. In fact, the plaintiff fails to specify in the complaint the conduct of the defendant that is claimed to be reckless. Accordingly, the plaintiff has failed to adequately state a claim for recklessness, and the claim for punitive damages must be stricken. See Dumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58
(1958) (where the complaint does not specifically allege the conduct that is claimed as reckless, the plaintiff has not adequately stated a cause of action for recklessness).
For the foregoing reasons, the defendant's motion to strike is denied with respect to counts five and six, and granted with respect to the prayer for punitive damages.
So Ordered.
D'ANDREA, J.