[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiffs, Rapco, Inc. (Rapco), and Richard A. Polidori, bring this action under general statutes § 52-592 (a) against the defendants, Frank W. Louis and Andros, Floyd Miller, P.C., the four count revised complaint filed on March 21, 2001, alleging breach of an attorney-client contract (counts two and four) as well as professional negligence (counts one and three) against the defendants. In count two, Rapco alleges that the defendants breached the attorney-client contract by failing to fully represent its interests by inadequately preparing for a hearing in the United States Tax Court. The count further alleges that the defendants breached their duty of reasonable care in their representation of Rapco's defense regarding a bonus compensation. Count four alleges the same as count two but is brought by Richard Polidori. The defendants filed this motion to strike counts two and four of the plaintiffs' revised complaint on the ground that the plaintiffs did not sufficiently allege a cause of action for breach of contract because they failed to allege a breach of a specific or express promise.
 -I-
The plaintiffs' revised complaint alleges claims in both contract and tort theories and it is well established that a claim against an attorney may be brought under both contract and tort theories. "Unless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both."Stowe v. Smith 184 Conn. 194, 199, 141 A.2d 81 (1981); see also Krawczykv. Stingle, 208 Conn. 239, 245, 543 A.2d 733 (1988).
There has been a difference of views in various Superior Court decisions as to whether a plaintiff must allege the violation of a specific contractual promise in order to sustain a cause of action for breach of contract. One line of cases has held that the plaintiff may allege both tort and contract claims without alleging a specific promise as a ground for breach of contract. See Fontanella v. Chrysler Corp.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 364764 (April 18, 1996, Hodgson, J.) (16 Conn.L.Rptr. 489, 490) in which a motion to strike breach of contract claim against attorney was denied. Judge Stengel relied on this holding as well as his interpretation of the Supreme Court case of Barnes v. Schlein,
CT Page 3823192 Conn. 732, 473 A.2d 121 (1984) in denying a motion to strike in a predecessor case brought on the same grounds between the same parties later dismissed on other grounds. Rapco, Inc. v. Louis, Superior Court, judicial district of Hartford, Docket No. 573892 (November 23, 1998,Stengel, J.) (23 Conn.L.Rptr. 507, 508).
The other line of cases has held that a specific promise must be alleged in order to bring a cause of action in breach of contract. "To be separate from a malpractice claim, the plaintiff must allege that the defendant . . . assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good." Picarazzi v. Fichera, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306212 (December 12, 1994, Maiocco,J.) (13 Conn.L.Rptr. 96, 97). "By requiring a special agreement these cases eliminate those cases where the plaintiff has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice." Id,; see also Berry v. Shearin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 321443 (August 23, 1996, Moran, J.) (plaintiff must prove violation of specific promise with attorney-defendant).
In 1999, one year after the Rapco decision, the Appellate Court addressed the split in the context of medical malpractice and aligned itself with the latter line of cases. "An allegation of medical malpractice does not generally give rise to a breach of contract claim. See Barnes v. Schlein, 192 Conn. 732, 735-36, 473 A.2d 1221 (1984);Composano v. Claiborn, 2 Conn. Cir. Ct. 135, 137, 196 A.2d 129 (1963). A breach of contract claim is a distinct claim that may arise from the same facts and may exist where the physician and patient contract for a specific result Camposano v. Claiborn, supra, 137." Rumbin v. Baez,52 Conn. App. 487, 491, 727 A.2d 744 (1999).
Subsequent to the Rumbin decision, this Court applied the approach inRumbin beyond the medical malpractice realm holding that a breach of contract claim against an accountant must allege more than a failure to provide the requisite standard of care and must allege a contract or that the accountant assured or warranted a specific result. Facchini v.Miller, Superior Court, judicial district of Hartford, Docket No. 587686 (January 31, 2000, Wagner J.).
There seems to be no reason for treating claims against attorneys differently from physicians or accountants. See Mac's Car City, Inc. v.DeNigris, 18 Conn. App. 525, 530, 559 A.2d 712 (1989).
Since no violation of a specific promise within the attorney client relationship is alleged in this case, the plaintiffs have failed to CT Page 3824 sufficiently allege a cause of action for breach of contract. The defendants' motion to strike is granted.
____________________ Wagner J., TJR