[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
The plaintiff commenced this action for libel against the defendant as a result of uncomplimentary responses allegedly made by the defendant in a performance appraisal questionnaire sent to the defendant by the plaintiff's employer, St. Vincent Medical Center.
The defendant filed and answer and special defense to the allegations in the complaint and also filed counterclaims in two counts against the plaintiff. The first count of the counterclaims alleges breach of contract and the second count alleges breach of warranty by the plaintiff for medical care and treatment provided by the plaintiff to the defendant.
The plaintiff has moved the court to dismiss both of the counterclaims for the reason that they are, in fact, allegations of medical malpractice and they are defective in that the defendant has failed to include a certificate of good faith as required by Section 52-190a, General Statutes.
The defendant has filed an objection to the motion to dismiss and has alleged that the counterclaims are not medical malpractice claims and therefore, no such certificate is required to be filed.
Having reviewed the subject pleadings and having considered the claims of the parties, the court makes the following findings.
Section 52-190a, General Statutes, provides in relevant part: "(a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after October 1, 1987, whether in tort or in contract, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action has made a reasonable inquiry as permitted by the circumstances to determine that there are grounds for a CT Page 1378 good faith belief that there has been negligence in the care or treatment of the claimant (emphasis added).
The complaint or initial pleading shall contain a certificate, on a form prescribed by the rules of the superior court, of the attorney or party filing the action that such reasonable inquiry gave rise to a good faith belief that grounds exist for an action against each named defendant."
The fact that the pleading in question is a counterclaim as opposed to a complaint is of no consequence. The issue is whether the claim is to recover damages for personal injury or wrongful death arising from negligence or one for damages arising from breach of contract and breach of warranty.
In the case of Perlstein v. Westport Sanitarium Co., 11 Conn. Sup. 180
(1942), in which the plaintiff sought damages for, inter alia, breach of contract and fraudulent representations involving the death of her husband while in the care of a sanitarium, the court held that the form
of the action must govern. In that case the court was dealing with a statute governing the statute of limitations as it applies to ". . . action[s] to recover damages for injury to the person . . . caused by . . . malpractice . . ." (Sec. 1680c, C.G.S.). The court went on to note "That statute . . . is not applicable to an action based on breach of contract or fraud. It refers entirely to malpractice, which is a form of negligence. Even if the breach of contract occurred because of malpractice . . . the form of the action must govern." Perlstein, supra p. 182.
In that case, the court noted that the plaintiff was seeking to recover not for the death of her husband, but for the consequential damages of the breach of contract — the loss of support and the funeral expenses incurred as a result of the breach of contract. As the court further noted, "The death of [plaintiffs husband] is relied on, not as an element of damage, but to establish that the contract was breached in the one count, and in the other, that the fraud injured the plaintiff."
In the instant case, there is no allegation contained in either the first or second count of the defendant "s counterclaims that the damages sustained by the defendant were due to the negligence of the plaintiff, but, rather, that they were damages resulting from a breach of contract and a breach of warranty.
As in Perlstein, supra, the court finds that the statute in question, Sec. 52-190a, C.G.S., is not applicable to an action based on contract or CT Page 1379 warranty. There is no obligation on the part of the defendant to have made a reasonable inquiry to determine if there has been negligence in the care of the defendant or to provide a certificate of good faith as required by Sec. 52-190a, C.G.S.
For that reason, the defendant's counterclaims are not defective, as claimed by the plaintiff.
The motion to dismiss the counterclaims is hereby denied.
By the Court, ___________________ Joseph W. Doherty, Judge CT Page 1380